IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

FILED
00 SEP 26 PM 2:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

KENNETH HENLEY, )
 )
    Petitioner, )
 )
v. ) CIVIL ACTION NO. 99-J-1037-S
 )
CHARLIE JONES, Warden; ATTORNEY )
GENERAL FOR THE STATE OF ALABAMA, )
 )
    Respondents. )

ENTERED
SEP 2 6 2000

<u>MEMORANDUM OF OPINION</u>

    Kenneth Henley, hereinafter referred to as the petitioner, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; however, petitioner subsequently obtained counsel to represent him. On October 15, 1986 petitioner pled guilty in the Circuit Court of St. Clair County to kidnaping in the first degree, assault in the first degree and assault in the second degree.[1]/ The court ordered all of these sentences "to run concurrent with any sentence heretofore imposed against [petitioner] in the State of Louisiana and any other state." (See document #14, Exhibit A, p.18). On November 17, 1998 the court amended the order to read: "All sentences to run concurrent with the sentences in the State of Louisiana, or any other state, including the State of Alabama." (See document #14, Exhibit B).

    Petitioner has filed at least four petitions for writ of habeas corpus in this court based on these St. Clair County convictions or his Escambia County convictions and the fact that the Alabama

---

[1]/     These convictions arise out of a prison riot which occurred April 15, 1985 at St. Clair Correctional Facility. (See document #15).

sentences were to run concurrent with his sentences in other states, including Alabama.

        CV 94-AR-366-M        CV 91-B-748-S

        CV 90-A-2315-S        CV 87-A-0938-M

Further, the Eleventh Circuit Court of Appeals has addressed these convictions. *See Henley v. Johnson*, 885 F.2d 790 (11th Cir. 1989).

> In his most recent state habeas petition filed on April 9, 1998 petitioner alleges:
>
>> On October 16, 1986, petitioner pleaded guilty to kidnapping, first degree and was sentenced to twenty years. This sentence was ordered to run concurrently with sentences due to be served in Louisiana or any other State.
>>
>> Petitioner has a sentence of (3) to (10) years for robbery, due to be served in the State of Colorado, for which a detainer has been placed against him.
>>
>> To require petitioner to first serve his twenty-year sentence in the State of Alabama and then turn him over to the State of Colorado to being serving his (3) to (10) year sentence would make the specific concurrent provisions in his St. Clair sentencing order meaningless and impossible to comply with.
>>
>> Petitioner's Colorado sentence does not begin to run until he is physically in that State. Therefore, to fulfill the provisions of St. Clair sentencing order petitioner must be turned over to the Colorado detainer immediately to serve his sentence there, allowing the Alabama sentence to run concurrent with that sentence as ordered.

(Exhibit 1, p.5).

In the motion to dismiss the petition the state argued that Colorado refuses to take custody of petitioner until he completes his Alabama sentence. In response to the motion to dismiss, petitioner argued:

> If Respondent is correct in that Colorado does not and will not assume custody of the petitioner; (hereinafter referred

2

> to as Henley), then Henley, has a valid claim that his Alabama sentence is void on its face. It is only valid through a <u>sentencing order</u> that can be complied with, as the Order clearly reads that the Sentence is to run concurrent with sentences due to be served in the States of Louisiana <u>or any other State</u>. (Emphasis added).
>
> Colorado is indeed another State, and it was a sentence in effect at the time Henley, was sentenced in Alabama. A Void Sentence, unenforceable, is a valid subject matter claim for the Writ of Habeas Corpus, a claim upon which relief can be granted.

(Exhibit 1, p.25).

In the alternative, petitioner argued that under *Alabama Rules of Criminal Procedure,* Rule 26.12(b) and *Alabama Code* § 14-3-38 and § 14-4-9:

> The State has the authority under existing Alabama Law to run any Alabama sentence concurrent with that of any other sentence imposed or pending, regardless of where that sentence is to be served, as long as such sentence is within territorial limits of the United States. However, Alabama cannot force the concurrency upon any other State. By inference, Alabama must relinquish jurisdiction to "... <u>or any other state</u>...". (Emphasis added).

(Exhibit 1, p.26).

The court summarily granted the motion to dismiss. (Exhibit 1, p.1).

> On appeal from the denial of the Rule 32 petition, petitioner argued:
>
> > It is undisputed that petitioner was sentenced to a concurrent sentence, and Colorado is "Any Other State," and that the Department of Corrections has no authority or jurisdiction to comply with such terms of sentence, and Colorado is under no obligation to comply with an Alabama sentence and has formally refused to comply with such sentence.
> >
> > Therefore by law, petitioner is serving a sentence that cannot be complied with, and is therefore null and void on its face.

3

> Petitioner concludes that the only remedy available to him is for the Court of Criminal Appeals [to] issue an order setting aside petitioner's conviction and sentence.
>
> Petitioner argues that the setting aside of the sentence for re-sentencing will not suffice, as petitioner only pleaded guilty to very specific plea agreement terms, including a concurrent sentence to be served in Louisiana and Colorado.

(Respondents' Exhibit 2).

The Alabama Court of Criminal Appeals held:

> From our review of the record, we find the appellant's assertions to be without merit. Betty Teague's affidavit and the teletype from Colorado clearly indicate that Colorado will not assume custody of the appellant until he completes his sentence in Alabama. The appellant has not stated a claim upon which we can grant relief. We cannot force the Colorado Department of Corrections to take custody of the appellant at this time. If the appellant wishes to attempt to compel that department to take custody of him, he must file the appropriate documents with the court that has jurisdiction over that department.
>
> Furthermore, if the appellant is attempting to challenge the voluntariness or validity of his guilty pleas, he has not followed the correct procedure. He should have raised a challenge to the propriety of his guilty pleas in a motion to withdraw his guilty pleas, on direct appeal, or in a Rule 32 petition filed in the circuit court in which he pled guilty. However, the trial court had the authority to order that the sentences be served concurrently with sentences from other states. Rule 26.12, Ala.R.Crim.P. And, the sentence imposed does not exceed that authorized by law and is not void for any other reason. Moreover, such a complaint would now be untimely because he should have raised any challenge to the validity of his plea in a Rule 32 petition filed within 2 years after he pled guilty. Rule 32.2(c), Ala.R.Crim.P.

(Respondents' Exhibit 3).

4

In his federal petition, petitioner alleges:

> It is the Petitioner's allegation that the St. Clair County, Alabama Circuit Court exceeded [its] lawful jurisdiction in sentencing the petitioner to a sentence that was impossible to comply with in violation of the petitioner's Fourteenth Amendment to the United States Constitution.
>
> The St. Clair County Circuit Court sentenced the petitioner in alliance with a negotiated plea agreement by and through the State of Alabama.
>
> The plea agreement entailed in pertinent part that in exchange for the petitioner's guilty plea to First Degree Kidnaping, he would have a flat Twenty (20) year sentence because it was agreed to by the State of Alabama that the sentence would run concurrently with *all* prior sentences that petitioner was due to serve in the States of Alabama, Louisiana and Colorado.
>
> It has now been established by the Court of Criminal Appeal for the State of Alabama that such a sentence is impossible to fulfill.
>
> It is the petitioner's allegation that the St. Clair County Circuit Court did not have the authority or jurisdiction to bind the States of Colorado, and Louisiana to a concurrent sentence without the exclusive stipulations from the said states agreeing to the terms of concurrency set out in the Circuit Court's sentencing order.
>
> Therefore, the St. Clair Circuit Court exceeded [its] lawful jurisdiction in sentencing the petitioner to a sentence that was not stipulated to by the States of Colorado, or Louisiana, and was impossible for the Alabama Department of Corrections to carry out.

(See petition, pp.5.2-5.3).

The Court entered an Order to Show Cause requiring respondents to appear and show cause why the relief requested by petitioner should not be granted. In response thereto respondents filed an Answer and exhibits. The Court entered an Order advising petitioner that respondents' Answer would

5

be considered as a motion for summary judgment. The Order further allowed petitioner an opportunity to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

In his affidavit in reply to the state's response petitioner stated in pertinent part:

. . . .

> Had the Department of Corrections ... implemented the terms of Sentence as Ordered by the St. Clair Circuit Court, ... Affiant would have [gone] to Louisiana in the year 1987, and from there, onto Colorado, and this case would not now be before this Court, as the original terms of the St. Clair Circuit Court Sentencing Order was lawful, and possibly to comply with. It is only the Alabama Department of Correction['s] intervention ... extradit[ing] this affiant back to Alabama [in April 1995] from Louisiana, rather than let[ting] Louisiana send this affiant to Colorado, as the terms of the St. Clair Circuit Court Sentencing Order so specified, [which] creat[ed] a situation where the affiant's sentence is now impossible to comply with.
>
> When Alabama Department of Corrections illegally secured affiant's extradition back to Alabama, said sentence then became null and void, and exceeded the sentencing Court's jurisdiction, and therefore, was legally challenged by application of State Petition for Writ of Habeas Corpus.
>
> Only during the pendency of the State Habeas Application did the affiant learn that Colorado would not accept him until the completion of his Alabama sentence.

. . . .

> Affiant is not filing in this Court on his conviction of October 26, 1986.
>
> Affiant is filing on the May 12, 1998 incident where Colorado refused to accept affiant until the completion of his Alabama Sentence. This notification made affiant's sentence impossibl[e] to comply with, and is therefore null

6

> and void. This could not have been known to the affiant because the Alabama Department of Corrections never made any effort to comply with the terms of affiant's sentence of 1986, and interfered with Louisiana's intention to comply with those terms.
>
> . . . .
>
> Through the manipulation of the Alabama Department of Corrections, and [its] refusal to comply with the terms of the affiant's St. Clair sentencing order which affiant argues was lawful, and within the Court's jurisdiction, and possible to comply with, affiant's sentence became null and void, and now exceeds the sentencing court's jurisdiction to order Colorado to accept affiant from the Alabama Department of Corrections.
>
> The States now admits that Rule 26.12(b), *Alabama Rules of Criminal Procedure*, does not, and cannot give Alabama jurisdiction over another state. This inability of the Alabama Department of Corrections to comply with affiant's terms of sentence are a direct result, and the consequences of Alabama Department of Corrections for not complying with the sentencing order when it could have done so. Affiant cannot, and should not be penalized, and required to serve up to ten (10) additional years more than he was sentenced to serve through no fault of his own.
>
> . . . .

This claim is procedurally barred under the authority of *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Mr. Henley did not file a petition for writ of certiorari to the Alabama Supreme Court, the court of last resort.

Alternatively, this petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(3). Because petitioner failed to first obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive petition, this court is without jurisdiction in this matter. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997), *cert. denied,* 520 U.S. 1203 (1997).

Alternatively, it is clear that petitioner's claim is without merit.

In *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), the Eleventh Circuit Court of Appeals stated:

> In his third claim, Henley asserts that the kidnapping and assault sentences imposed on October 15, 1986, should not be reflected in Henley's inmate summary because the sentencing judge intended and led Henley to believe that Henley would serve these sentences in states other than Alabama. Instead, Henley asserts, these convictions should be listed as detainers to the States of Louisiana and Colorado. The Magistrate rejected this claim on the basis that the plea colloquy revealed Henley was informed that corrections officials would determine whether Henley would be released from Alabama to another state. We agree and find this claim to be without merit.

The court noted that in CV 87-A-938-M (N.D. Ala., October 23, 1987),[2] petitioner challenged guilty pleas he entered to the kidnapping and assault charges as involuntary alleging that he based his pleas on a legitimate expectation that he would be returned to Louisiana to serve a sentence that he owed in that state. This court [the Northern District of Alabama] rejected this claim on the basis that the plea colloquy reflected that Henley was advised that the Department of Corrections had the right to determine whether it would release Henley to the State of Louisiana. The Eleventh Circuit Court of Appeals agreed that this claim was without merit. See 885 F.2d at 794, n9. In CV 94-AR-366-M, petitioner's most recent federal habeas petition in this court before the present petition, petitioner argued that the State of Alabama waived jurisdiction over him when it released him to the State of Louisiana and, further, argued that if he was required to complete the unexpired sentence in the State of Alabama, it would be a violation of his Fourteenth Amendment Due Process rights. This court rejected petitioner's

---

[2] This case was incorrectly shown as a Middle District case in the Eleventh Circuit's footnote.

argument that Alabama lost jurisdiction over him *citing Milstead v. Rison*, 702 F.2d 216 (11th Cir. 1983) and noting Alabama's prompt lodging of a detainer after releasing petitioner to the State of Louisiana as evidence of Alabama's intention in having petitioner complete his Alabama sentence after release from federal prison.

In his reply to the respondents' response, petitioner states that he is not challenging his 1986 St. Clair County guilty plea. Instead he states he is filing on the "May 12, 1998 incident where Colorado refused to accept affiant until the completion of his Alabama sentence." On May 12, 1998 the respondent filed a motion to dismiss petitioner's Escambia County habeas petition on the basis that the state of Colorado will not assume custody of petitioner until his Alabama sentence expires. The motion to dismiss was supported by an April 23, 1998 teletype from the Colorado Department of Corrections. (Respondents' Exhibit 1, p.16).

The court concludes that petitioner is not entitled to habeas relief for the following reasons.

Petitioner was advised by the Circuit Court of St. Clair County that the court could not require the Department of Corrections to turn petitioner over to the other states in which he had sentences. Further, petitioner was advised that the court could not speak for those states. In other words, petitioner was aware when he entered his plea that the Department of Corrections might not release him to other states in which he had sentences and further was aware that the other states might not accept him. (Document #14, Exhibit A, pp.4-6). Although petitioner argues that he should have been released by the State of Louisiana to Colorado, according to a November 8, 1999 letter to the court by Mrs. Joyce Burlton, a friend of petitioner's, the State of Louisiana set petitioner free "to the streets" on April 4, 1995 by virtue of good time without supervision. To the extent that petitioner is under the mistaken belief that he cannot be required to serve the remainder of his Alabama sentence in Alabama, the court notes that

running petitioner's Alabama sentences concurrent with sentences of other states does not shorten the Alabama sentence. Petitioner still owes the difference between his twenty year Alabama sentence and the time he has already spent in custody in Alabama and Louisiana. If Colorado were willing to accept custody of petitioner for service of his Colorado sentence, petitioner could still be returned to Alabama to serve the remainder of his twenty year sentence if the time spent in custody in Louisiana and Colorado as well as Alabama did not total twenty years. If, however, Colorado does not wish to accept custody of petitioner, that is Colorado's prerogative and petitioner cannot claim he was unaware of that possibility.

Although the Eleventh Circuit Court of Appeals does not appear to have dealt with the particular question posed here, the Ninth Circuit Court of Appeals has addressed a similar factual situation. In *Isreal v. Marshall*, 125 F.3d 837 (9th Cir. 1997), *cert. denied,* 522 U.S. 1124 (1998), a state inmate filed a habeas petition alleging a denial of his Fourth Amendment right to due process based on California's failure to transfer him to Missouri to serve an outstanding Missouri sentence concurrently with his California sentence. Like Henley, the petitioner in *Isreal* had escaped from custody from a Missouri prison and was thereafter convicted in California of an unrelated crime and was sentenced to a term of twenty-five years to life to run concurrently with his Missouri sentence. Missouri (like Colorado here), refused to take custody of petitioner until he was paroled from California Department of Corrections–the effect of which was to render petitioner's California and Missouri sentences consecutive. The Ninth Circuit Court of Appeals affirmed the district court's denial of petitioner's petition for writ of habeas corpus holding that :

> Appellant argues that he has a right to be transferred to Missouri that is protected by the Due Process Clause of the Fourteenth Amendment. We note that such a liberty interest can only arise from state law, because no right to concurrency inheres in the Due Process Clause, see *United*

States v. Mun, 41 F.3d 409, 413 (9th Cir. 1994), cert. denied, 514 U.S. 1077, 115 S.Ct. 1722, 131 L.Ed.2d 580 (1995), nor does that clause confer the right to be incarcerated in a particular state. See Olim v. Wakinekona, 461 U.S. 238, 245 (103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983).

### A. The State-Created Right

It is undisputed that appellant has a right under California law to be permitted to be transferred to Missouri in order to effectuate concurrency. See In Re Patterson, 64 Cal.2d 357, 49 Cal.Rptr. 801, 411 P.2d 897 (1966); Stoliker, 49 Cal.2d 75, 315 P.2d 12. In light of this precedent, appellant argues that he has a cognizable liberty interest not just in being permitted to return to Missouri, but also in being actually accepted into custody by the MDOC. However, California law does not-and could not-require Missouri, an independent and sovereign state, to accept custody of appellant. California law requires only what is within its power to do: to offer appellant up for transfer to Missouri. (Footnote omitted). See Patterson, 49 Cal.Rptr. 801, 411 P.2d at 900; In re Tomlin, 241 Cal.App.2d 668, 50 Cal.Rptr. 805, 806-07 (1966).

Thus, California law bestows upon appellant a substantial but limited right: the right to be tendered to Missouri for transfer. We assume without deciding that this state-created right rises to the level of a federally protected liberty interest under Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). (Footnote omitted). Even assuming the existence of such a liberty interest, however, we must still determine whether the CDOC's procedures to protect it violated the Due Process Clause. See Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S.Ct. 893, 902-03, 47 L.Ed.2d 18 (1976). We hold that they did not.

The letter that the CDOC wrote to the MDOC made perfectly clear that, as far as California was concerned, appellant was available for transfer to Missouri. Appellant argues, however, that in order to render meaningful his right to be tendered, the letter should have informed Missouri that California was prepared physically to deliver appellant to Missouri's doorstep at California's expense.

> He points to the "skimpy information" contained in California's letter and contends that California has a "statutory obligation to initiate and render all cost and manpower for the transfer."
>
> Contrary to appellant's argument, no such obligation exists under California law. Further, since Missouri flatly refused to accept appellant into custody under any circumstances, we need not decide whether the Due Process Clause would give rise to an obligation on California's part physically to deliver appellant to Missouri, if Missouri had agreed to accept appellant, but simply refused to fund the cost of his transfer. Because there appears to have been nothing else California could have done in order to facilitate appellant's return to Missouri, we cannot say that the letter written by the CDOC fell short of the requirements of the Due Process Clause.

In the case before this court the court has assumed, <u>without deciding</u>, that petitioner has a right to be permitted to be transferred to Colorado in order to effectuate concurrency only because respondents have indicated a willingness to transfer petitioner to Colorado if Colorado were willing to accept him. The court concludes, as did the court in *Isreal*, that even assuming petitioner has a right to be tendered to Colorado for transfer, Alabama law does not and cannot require Colorado, an independent and sovereign state, to accept custody of petitioner.

Based on the foregoing the court concludes that the petition for writ of habeas corpus is due to be DENIED[3] on the following alternative bases:

---

[3] The request for pretrial conference (document #11) is DENIED and petitioner's Motion for Judicial Notice (document #9) is GRANTED to the extent that the court reviewed those documents and found only the order of November 17, 1998 to be relevant to the court's review. Specifically, the letter from Mr. Salter to Mr. Henley is not a proper document for the court's review; however, the court has considered the arguments raised in counsel's submission to the State of Alabama's Response (document #14). The letter to the Parole Board is not relevant to the claim before this court.

(1) the petition is a second or successive petition over which the court lacks jurisdiction due to petitioner's failure to obtain the permission of the Eleventh Circuit Court of Appeals prior to filing the petition;

(2) the claim raised in the petition is procedurally defaulted due to petitioner's failure to raise it in a petition for writ of certiorari before the Alabama Supreme Court; and

(3) the claim is without merit.

An appropriate judgment will be entered.

DONE this the 26 day of September, 2000.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE